UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tony Hobson,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>AWP Currier, *et al.*,<br><br>                    Defendant(s). | 2:22-cv-02088-JAD-MDC<br><br>**Order** |

Pending before the Court is pro se plaintiff Tony Hobson's *Motion Identifying Unserved Defendants; Also Requesting Issuance of Summons* ("Motion for Summons") (ECF No. 19). The Court GRANTS the Motion.

Plaintiff identifies the unserved defendants: Malique Lyons, A. Boone, Harris, Brown, and Senior Harper. ECF No. 19 at 2. The court addresses each defendant in turn.

**Malique Lyons.** Plaintiff notes that defendant Lyons's last known address has been filed under seal. *Id.* The Court notes that although the Attorney General's Office has filed a *Notice of Submission* (ECF No. 17) and *Sealed Unredacted Document* (ECF No. 18), the documents are identical and does not actually provide the last known address of defendant Lyons. Therefore, the Court directs the Attorney's General's Office to refile the last known address of defendant Lyons, under seal.

**Senior Harper.** Plaintiff notes that the "AG's Office has not indicated [whether] they have or will accept service for Senior Harper." ECF No. 19 at 2. The Court agrees. The *Acceptance of Service* (ECF No. 16) does not identify whether service will be accepted for Senior Harper, or whether the Attorney General's Office will file his last known address under seal. Therefore, the Court will direct the Attorney General's Office to either file a Notice of Acceptance of Service, or if it cannot accept service on behalf of defendant Harper, to file the last known address of defendant Harper under seal.

**CO Brown.** Plaintiff further identifies defendant Brown as being employed at "SDCC." *Id.* He notes that "CO Brown" works "Unit 8" or "SNE" "every day." *Id.* Given the new information provided,

the Court directs the Attorney General's Office to either file a Notice of Acceptance of Service, or if it cannot accept service on behalf of defendant Brown, to file the last known address of defendant Brown under seal.

**CO Harris.** Plaintiff identifies defendant Harris as also being employed at "SDCC." *Id.* He also notes that "CO Harris" "always works Unit 3 every morning." *Id.* Given the new information provided, the Court directs the Attorney General's Office to either file a Notice of Acceptance of Service, or if it cannot accept service on behalf of defendant Harris, to file the last known address of defendant Harris under seal.

**A. Boone.** Plaintiff states that defendant A. Boone either works for "Metro" or "North Town." *Id.* at 3. Given the new information provided, the Court directs the Attorney General's Office to either file a Notice of Acceptance of Service, or if it cannot accept service on behalf of defendant Boone, to file the last known address of defendant Boone under seal.

Plaintiff has stated that he is unsure of the first names of "4 of the 5 defendants." The Court, recognizing the difficulties and obstacles an incarcerated pro se plaintiff faces regarding service, directs the Office of the Attorney General to investigate the whereabouts of the unserved defendants, using the new information provided.

ACCORDINGLY,

IT IS ORDERED that:

1. The *Motion for Summons* (ECF No. 19) is GRANTED.
2. The Office of the Attorney General must refile, **under seal**, the last known address of defendant Lyons no later than **June 11, 2024**.
3. Once the Attorney General's Office files defendant Lyons's address under seal, the Clerk of Court is directed to reissue summons for defendant Lyons. Defendant Lyons's address must remain SEALED.

4. The Office of the Attorney General must investigate the whereabouts of the remaining unserved defendants, and file, by **June 27, 2024**, <u>under SEAL</u>, a report that states:

   a. Whether the Office of the Attorney General was able to reach defendants;

   b. Whether the unserved defendant is willing to waive service; and

   c. What addresses the unserved defendant can be served at if they do not agree to waive service.

   d. In the alternative, the Office of the Attorney General may submit a Notice of Acceptance of Service if defendant(s) agrees to representation.

5. Once the Attorney General's Office files either their Notice of Acceptance of Service or their report, the Clerk of Court is directed to reissue summons for those defendants. Defendants' addresses must remain SEALED.

6. If needed, the plaintiff may file a Motion for Marshal Service. An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint. See 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3). For this rule to apply, the prisoner must (1) "request that the marshal serve [the] complaint," *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991), and (2) "furnish[ ] the information necessary to identify the defendant," *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 29th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge