**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tony Hobson,<br><br>             Plaintiff(s),<br><br>vs.<br><br>AWP Currier, *et al.*,<br><br>             Defendant(s). | **2:22-cv-02088-JAD-MDC**<br><br>**ORDER DENYING MOTION TO COMPEL** |

Pending before the Court is *pro se* plaintiff Tony Hobson's *Motion to Compel* ("Motion") (ECF No. 35). For the reasons stated below, the Court DENIES the Motion.

## **DISCUSSION**

**I.   LEGAL STANDARD**

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the

party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Reflex Media Inc. v. Does*, 2022 U.S. Dist. LEXIS 243662, at *4, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citing *Garces v. Pickett*, 2021 U.S. Dist. LEXIS 49438, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021)) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id*. (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

## II. ANALYSIS

### A. Lack Of Compliance With The Local Rules Regarding Meet And Confer Requirement

The Court finds that there has been a lack of a meet and confer, as required by Local Rules ("LR") 26-6 and LR IA 1-3(f). The relevant portions of LR 26-6 and LR IA 1-3 provide:

> Discovery motions will not be considered unless the movant (1) has made a good-faith effort to **meet and confer** as defined in LR IA 1-3(f) before filing the motion, and (2) **includes a declaration** setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

LR 26-6(c) (emphasis added).

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. **This requirement is reciprocal and applies to all participants.** Unless these rules or a court order provide otherwise, this requirement may only be satisfied through **direct dialogue and discussion in a face-to-face meeting, telephone conference,**

> **or video conference.** The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.[1]

LR IA 1-3(f) (emphasis added).

> A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2).

Although plaintiff states in his Motion that he had two phone calls with Attorney General Rudolf M. D'Silva, plaintiff fails to provide a separate declaration that details the contents and dates of the phone calls. Furthermore, even if the Court were to construe plaintiff's statements within his motion as a "declaration," the Court finds that there has not been a sufficient meet-and-confer. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"); *see also Cardoza v. Bloomin' Brands,* 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) ("A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention."). A mere two phone calls are not sufficient to constitute a meaningful discussion. Plaintiff makes no mention of any other discussions regarding the discovery dispute other than the two phone calls. As a prisoner, plaintiff is exempt from the "face-to-face" requirement of LR IA 1-3(f) and can satisfy the requirement through written communication. LR IA 1-3(f)(1). Counsel for defendants has indicated that plaintiff expressed that "he would no longer meet and confer with [defendants'] counsel regarding this case." ECF No. 39 at 2:18-19. Plaintiff is reminded that the meet-and-confer requirement applies to **both** parties. *Las Vegas Skydiving Adventures LLC v. Groupon, Inc.*, 2020 U.S. Dist. LEXIS 191754, *4 (2:18-cv-02342-APG-VCF, Decided October 16, 2020). Failure to make a good-faith effort to meet and confer before filing any motion to which the

---

[1] LR IA 1-3(f)(1) provides an exception to the face-to-face meeting requirement for incarcerated individuals appearing pro se.

requirement applies may result in denial of the motion. LR IA 1-3(f)(4). Since there has not been a sufficient meet-and-confer regarding this discovery dispute, the Court DENIES the Motion to Compel but does so without prejudice.

### III. CONCLUSION

The meet-and-confer is an obligation on both parties, and a failure to meet-and-confer may result in denial of the motion. Plaintiff is directed to participate in a meaningful meet-and-confer with defendants' counsel. This obligation can be either written communication or face-to-face. *See generally* LR IA 1-3. Plaintiff may refile the Motion to Compel *after* he has complied with the meet-and-confer requirements.

ACCORDINGLY,

**IT IS ORDERED that** the Motion to Compel (ECF No. 35) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED that** parties participate in a meet-and-confer by **October 4, 2024**.

DATED this 16th day of September 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.