UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tony Hobson,<br><br>           Plaintiff(s),<br><br>vs.<br><br>AWP Currier, *et al.*,<br><br>           Defendant(s). | 2:22-cv-02088-JAD-MDC<br><br>**ORDER GRANTING MOTION** |

Pending before the Court is *pro se* plaintiff Tony Hobson's *Motion Seeking Last Two Defendants to Served* ("Motion for Service") (ECF No. 46). Plaintiff seeks service on the remaining two defendants Jesus Ruiz and Amir Boone. Plaintiff is an incarcerated individual and thus, is entitled to Marshal service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *see also* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Chavez v. Robinson*, 817 F.3d 1162, 1166 n.2, as amended on reh'g (9th Cir. 2016) ("[Section] 1915(d) provides that when a plaintiff is proceeding IFP, 'the officers of the court shall issue and serve all process.'"); *Terrell v. Brewer*, 935 F.2d 1015, 1018 n.4 (9th Cir. 1991). The Court notes that service was never completed on defendants Ruiz and Boone. However, the Court notes that it is also plaintiff's responsibility to identify all unserved defendants as soon as possible to reduce delay. Plaintiff was informed that he could request for Marshal service back in May of 2024 when the Court issued its Order (ECF No. 20) regarding identifying and serving the unserved defendants. Therefore, although the Court will order service be completed on defendants Ruiz and Boone, the Court cautions plaintiff that any future relief sought should be done as soon as possible to avoid delay and prejudice.

ACCORDINGLY,

**IT IS ORDERED** that the *Motion for Service* (ECF No. 46) is GRANTED.

1. The Clerk of Court shall issue summonses for defendants (1) Amir Boone and (2) Jesus Ruiz, and deliver the same, to the U.S. Marshal with the address provided under seal at ECF No. 29.

2. The Clerk of Court shall send sufficient copies of the Second Amended Complaint (ECF No. 7); the Screening Order (ECF No. 11); and this Order to the U.S. Marshal for service on defendant defendants (1) Amir Boone and (2) Jesus Ruiz at the addresses provided under seal at ECF No. 27.
3. The Clerk of Court is directed to send to plaintiff two copies of the USM-285 forms.
4. Plaintiff has 20 days within which to furnish to the U.S. Marshal the required USM-285 forms and return it to the **U.S. Marshal, 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, NV 89101**
5. Within 20 days after plaintiff receives a copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the Court stating if defendant(s) was served.
6. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

DATED this 21st day of November 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.