UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tony Hobson,<br><br>            Plaintiff,<br><br>vs.<br><br>CO Harper, et al.,<br><br>            Defendants. | 2:22-cv-02088-JAD-MDC<br><br>**ORDER FOR ADDITIONAL BRIEFING REGARDING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 57)** |

For the reasons below, the Court orders the parties to file additional briefing regarding plaintiff's *Motion to Compel* (ECF No. 57). Specifically, the Court requests additional briefing from defendants regarding their preservation efforts, if any. Defendants' briefs should include detailed affidavits or declarations articulating their efforts to preserve the video and photographs requested by plaintiff or clarifying their existence. Defendants shall file their supplemental brief by **May 12, 2025**. Plaintiff may file a brief responding to defendants' supplement by **May 30, 2025.**

**DISCUSSION**

**I. BACKGROUND**

This is a civil action under 42 U.S.C. § 1983 arising out of an alleged violation of plaintiff's First and Eighth Amendment rights. Plaintiff brings a First Amendment retaliation claim and an Eighth Amendment harassing cell search claim against defendants. Plaintiff's screened second amended complaint arises from searches by defendants starting on June 2, 2022, and continuing through at least August 2023, which plaintiff alleges resulted in the destruction and loss of plaintiff's property. *01/31/24 Screening Order, ECF No. 11 at 8-9.*

Plaintiff has served defendants with a couple of document request (*First Set Of Requests For Production of Documents* and *Second Request for Production of Documents*) ("Requests") (RFP) in which he requested photos, video and emails relating to his cell search on June 2, 2022. Defendants do

not contest these items are relevant. *ECF No. 59.* Defendants, however, claim that, after completing several searches, no responsive emails (not subject to a claim of privilege), video, photographs were located. *ECF No. 59 at 2,4.* Plaintiff does not believe defendants and has filed a Motion to Compel defendants to produce responsive items. *ECF No. 57.*

Plaintiff argues that defendants operate and maintain surveillance camaras throughout the corrections institute housing him that capture continuous video recordings, including near the cell where the alleged June 2, 2022, search and subsequent searches occurred. *ECF No. 57.* Plaintiff further argues that defendants save footage from the surveillance camaras. *Id.* As an example, plaintiff states that defendants recently presented him with surveillance camera footage to reprimand him. *Id.* Defendants acknowledge that their loop recording system preserves surveillance camara footage according to their retention policy. *See ECF No. 59 at 10:11-21.* Plaintiff further contends that he personally observed "Sergeant Asher" take multiple photographs of his cell after the June 2, 2022, incident. *Id. at p. 8.*

In their opposition, defendants claim that they have conducted numerous searches for responsive videos, photographs, and non-privileged emails and that no responsive items exist. *ECF No. 59.* Defendants' opposition, however, is vague as to whether such responsive items previously existed and any efforts they made to preserve them. Aside from counsel's declaration, the opposition does not include any declarations from defendants providing first-hand information. Among other things, defendants do not directly and unequivocally refute plaintiff's assertions that Sergeant Asher took multiple photographs of his cell after the June 2, 2022, incident, or about defendants' operation and maintenance of surveillance videos. In other words, while defendants claim that - based on their searches - no responsive videos or photographs exists, they do not deny plaintiff's claim that such videos or photographs existed. Most notably, there is no declaration from Sergeant Asher responding to plaintiff's assertions.

//

//

## II. ANALYSIS

"A party cannot be compelled to produce documents that it insists do not exist*." Lux v. Buchanan*, 2024 WL 1598805, at *2 (D. Nev. Apr. 12, 2024) (q*uoting Acosta v. Wellfleet Comm's, LLC*, 2018 WL 664779, at *7 (D. Nev. Feb. 1, 2018)). However, it is not clear whether video, photographs, and emails responsive to plaintiff's Request previously existed. The duty to preserve relevant evidence is one of the most basic, well-established, and widely accepted litigation tenets. *See Aiello v. Kroger Co.*, No. 2:08-CV-01729-HDM-RJJ, 2010 WL 3522259, at *2 (D. Nev. Sept. 1, 2010).

It is well developed that the duty to preserve evidence is trigged when a party has "some notice that the evidence is potentially relevant to… reasonably foreseeable litigation." *Anderson v. Wal-Mart Stores, Inc.*, 2011 WL 4621286, at *3 (D. Nev. Oct. 3, 2011) (*citing United States v. $40,955.00 In U.S. Currency*, 554 F.3d 752, 758 (9th Cir.2009); *Leon*, 464 F.3d at 958; and *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir.1992)); *see also Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). The notice component is a low, objective standard "that asks not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Soule v. P.F. Chang's China Bistro, Inc.*, 2020 WL 959245, at *3 (D. Nev. Feb. 26, 2020) (citation omitted). Here, plaintiff provided defendants such notice on June 3, 2022, when he submitted an Inmate Request Form to defendants expressly requesting video footage and photographs taken the day before (the June 2, 2022, incident date). *ECF No. 1-1 at 48; see also ECF No. 1-1 at 46, 47, 49,51, 53, 55, 59*. That June 3, 2022, Inmate Request Form expressly noticed defendants that the video footage and photographs were relevant to his intended litigation, "I will need this [sic] for Discovery for my civil suit I'm filing…." *ECF No. 1-1 at 48*. On June 13, 2022, plaintiff submitted to defendants another Inmate Request Form requesting the video and the photographs allegedly taken by Sergeant Asher. *ECF No. 57 at Exhibit B*.

When a party is on notice of a potential claim, it is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the claim or potential litigation. *Stedeford v. Wal-Mart*

3

*Stores, Inc.*, 2016 U.S. Dist. LEXIS 83019, at *15 (D. Nev. June 24, 2016) (citing *In re Napster, Inc.*, 462 F.Supp. 2d at 1067). "Once a duty to preserve is triggered a party has a duty to suspend any existing policies relating to deleting or destroying files and preserve all relevant documents related to litigation." *Brown v. Albertsons, LLC*, 2017 WL 1957571, at *6 (D. Nev. May 11, 2017) (citations omitted). While defendants assert they have conducted several searches for items responsive to plaintiff's Request, defendants do not clearly or convincingly establish that such items never existed (particularly the photographs plaintiff alleges were taken by Sergeant Asher) and fail to clearly articulate their efforts to preserve such evidence.

Thus, the Court needs additional information before it may adjudicate *Motion to Compel* (ECF No. 57) and determine whether there is anything to compel or whether spoliation of evidence has occurred. "Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citing *Hernandez v. Garcetti*, 68 Cal. App. 4th 675, 680 (Ct. App. 1998)).

Accordingly,

**IT IS ORDERED that:**

1. Defendants shall file a supplemental brief by **May 12, 2025**, which is supported by detailed affidavits or declarations (specifically from Sergeant Asher) articulating their efforts to preserve the photographs and video requested by plaintiff or clarifying their existence.

2. Plaintiff may file a brief responding to defendants' supplement by **May 30, 2025.**

DATED: April 22, 2025.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.