**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tony Hobson,

              Plaintiff,

vs.

CO Harper, et al.,

              Defendants.

2:22-cv-02088-JAD-MDC

**ORDER**

Pending before the Court is plaintiff's *Motion for Service* (ECF No. 58), and *Motion for Order Granting Motion* ("Motion for Order") (ECF No. 61). For the reasons stated below, the Court GRANTS in part and DENIES in part the *Motion for Service* and DENIES the *Motion for Order*.

**DISCUSSION**

**I. BACKGROUND**

This is a civil action under 42 U.S.C. § 1983 arising out of an alleged violation of plaintiff's First and Eighth Amendment rights. Plaintiff brings a First Amendment retaliation claim and an Eighth Amendment harassing cell search claim against defendants. Before this Court are plaintiff's *Motion for Service* (ECF No. 58) and *Motion for Order* (ECF No. 61). Plaintiff seeks to serve the remaining unserved defendants.

**II. MOTION FOR SERVICE**

    **A. Legal Standard**

A plaintiff who is an incarcerated and proceeding pro se is entitled to rely on the U.S. Marshal for service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint by providing the "necessary information to help effectuate service"); *see also* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Chavez v. Robinson*, 817 F.3d 1162, 1166 n.2 (9th Cir. 2016), *as*

*amended on reh'g* (Apr. 15, 2016) ("[Section] 1915(d) provides that when a plaintiff is proceeding IFP, 'the officers of the court shall issue and serve all process.'").

### B.  Analysis

This appears to be plaintiff's third attempt to serve defendants Boone and Ruiz. *See ECF Nos. 46, 53, and 58*. The Court has previously granted plaintiff's motions to serve the remaining two defendants Boone and Ruiz. However, to date, all attempts have been unsuccessful. Plaintiff seeks another attempt to serve defendants Boone and Ruiz. ECF No. 58

#### a.  Service On Defendant Boone

Plaintiff proposes to serve defendant Boone at either "North Town Jail" or "Metro." *ECF No. 58 at 4*. The Court finds that good cause exists to attempt marshal service upon defendant Boone at his two potential places of employment. Plaintiff has been diligent in attempting to serve defendant Boone and has made efforts to identify other areas where Boone can be located and served. Therefore, the Court will grant plaintiff's request for marshal service upon defendant Boone.

#### b.  Service On Defendant Ruiz

Plaintiff proposes to either serve a relative who works at the prison or have the Office of the Attorney General accept service on behalf of defendant Ruiz. Id. at 4-5.

The Federal Rules of Civil Procedure state in relevant part that:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)

The Nevada Rules of Civil Procedure state in relevant part that:

**(a) Serving an Individual.** Unless otherwise provided by these rules, service may be made on an individual:
    (1) by delivering a copy of the summons and complaint to the individual personally;
    (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
    (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Nev. R. Civ. P. 4.2(a).

The Court cannot grant plaintiff's request to serve defendant Ruiz through his relative nor can the Court order the Office of the Attorney General to accept service. Both the state and federal rules make is clear that service must be completed on the individual or on an authorized agent. It appears that plaintiff cannot locate defendant Ruiz and seeks to serve a relative. However, there is no indication that the relative is an agent authorized to receive service on behalf of Ruiz. Therefore, the Court cannot grant plaintiff's request to serve Ruiz's relative. For the same reasons, the Court "cannot order the Attorney General's Office to accept service for a defendant who is no longer employed by the Nevada Department of Corrections and who has not consented to representation by the Office of the Attorney General." *See Hernandez v. Russel*, 2022 U.S. Dist. LEXIS 184785, at *4 (D. Nev. Jan. 10, 2022).

**III. MOTION FOR ORDER GRANTING MOTION**

Because the Court has issued an Order resolving the *Motion for Service* (ECF No. 58), the Court denies the *Motion for Order* (ECF No. 61) as moot.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Service* (ECF No. 58) is GRANTED in part and DENIED in part as follows:

    a. The Motion is GRANTED in part to the extent that plaintiff seeks to serve defendant Boone at either "North Town Jail" or "Metro."

    b. The Motion is DENIED in part to the extent plaintiff seeks to serve defendant Ruiz through his relative.

    c. The Motion is DENIED in part to the extent plaintiff seeks to compel the Office of the Attorney General accept service on behalf of defendant Ruiz.

2. The Clerk of Court is kindly directed send Plaintiff three blank copies of form USM-285.

3. Plaintiff shall have 21 days from the date of this Order to fill out the required USM-285 forms and send it to the U.S. Marshals Service, 333 Las Vegas Blvd. South, Suite 2058, Las Vegas NV 89101.

4. The Clerk of Court is directed to issue summons for the defendants Boone and Ruiz, if needed.

5. The Clerk of Court is kindly directed to serve a copy of this order, the summons, and the operative complaint (ECF No. 7) on the U.S. Marshals Service.

6. Upon receipt of the USM-285 form, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendants.

7. Within 21 days after plaintiff receives copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served.

8. The *Motion for Order* (ECF No. 61) is DENIED as moot.

DATED this 23rd day of April 2025.

IT IS SO ORDERED.

                                                   Hon. Maximiliano D. Couvillier III
                                                   United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

      This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.