# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Tony Hobson, | Case No. 2:22-cv-002088-JAD-MDC |
|     Plaintiff | |
| v. | **Order Clarifying Briefing Confusion** |
| AWP Currier et al., | [ECF Nos. 84, 85, 88, 95, 96] |
|     Defendants | |

Plaintiff Tony Hobson brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated during his incarceration at Nevada's Southern Desert Correctional Center (SDCC).

Both sides have filed motions for summary judgment. After the defendants filed their opposition [90] to Hobson's summary-judgment motion [81], Hobson filed a "response to defendant's reply" [93]. Despite its title, that document is a reply in support of Hobson's motion for summary judgment [81]. Because this reply brief was docketed as a "response," a due date for a reply was entered on the docket [93]. As the defendants point out in their motion for clarification, that was error. So the court grants the defendants' motion for clarification of the docket and directs the clerk of court to re-docket ECF No. 93 as the plaintiff's reply in support of his motion for summary judgment [81].

The titles that the plaintiff has been placing on his opposition briefs are leading to confusion in the briefing process. To help prevent such confusion in the future, **Hobson is advised that the briefing process looks like this, and he should title his response to any of the defendants' motions as a "RESPONSE" or "OPPOSITION," not a "REPLY,"** because

a reply brief is the third and last brief in the series, and it's responsive to a defense opposition brief:

1. Motion
2. Response or Opposition to the Motion
3. Reply in Support of the Motion

The defendants have also asked the court to clarify the deadline for filing dispositive motions [84]. The defendants note that this court granted an April 2, 2025, stipulation that set the dispositive-motion deadline for 30 days from the decision on Hobson's then-pending motion to compel.[1] That motion was denied on July 9, 2025.[2] Hobson has moved for reconsideration of that denial,[3] but the dispositive-motion deadline was tied to the order resolving the then-pending motion to compel, not a motion for reconsideration.[4] So the deadline for filing motions for summary judgment was August 8, 2025, which all parties have met.

IT IS THEREFORE ORDERED that the motion to clarify the dispositive-motion deadline **[ECF No. 84] is GRANTED**; the deadline was August 8, 2025; the defendants' request to extend that deadline until 30 days after a decision on the motion for reconsideration **[ECF No. 85] is DENIED without prejudice** to the defendants' ability to refile that request in the event that the ruling on that motion for reconsideration necessitates a reopening of the deadline.

---

[1] ECF Nos. 57 (motion to compel), 64 (stipulation).
[2] ECF No. 77.
[3] ECF No. 82.
[4] *See* ECF No. 64 at 2.

2

IT IS FURTHER ORDERED that the defendants' motion for clarification of the nature of the filing at ECF No. 93 **[ECF No. 95] is GRANTED**; that document is the plaintiff's reply in support of his motion for summary judgment [ECF No. 81]; the motion to extend time to respond to ECF No. 93 **[ECF No. 96] is DENIED as moot.**

**The Clerk of Court is directed to RENAME ECF No. 93** as *Plaintiff's REPLY in support of his motion for summary judgment*, linked to ECF Nos. 81 and 90, and to which no response is due or permitted; **to also rename ECF No. 88** as *Plaintiff's response to the motion to extend time*, linked to ECF No. 85, **and remove the gavel** from it; **and also to rename ECF No. 97** as *Plaintiff's response to defendants' motion for summary judgment*, linked to ECF No. 91, **and calculate and docket the date for the defendants' reply in support of their motion for summary judgment** [ECF No. 91].

_____
U.S. District Judge Jennifer A. Dorsey
September 3, 2025