**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tony Hobson,<br><br>                    Plaintiff,<br><br>vs.<br><br><br>CO Harper, *et al*.,<br><br>                    Defendants. | Case No. 2:22-cv-02088-JAD-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (ECF No. 89)** |

Plaintiff filed a *Motion for Alternative Service* ("Motion"). *ECF No. 89.* The Court GRANTS the Motion in part regarding alternative service to CO Ruiz and DENIES the Motion in part and without prejudice regarding alternative service to CO Boone for the reasons set forth below.

## I.    BACKGROUND

In the Motion, plaintiff seeks to serve CO Ruiz (which defendant counsel identifies as "Jesus Ruiz" (ECF No. 28)) and CO Boone (which defendant counsel identifies as "Amir Boone" (ECF No. 28)) by "publication, email, or other methods the court may deem appropriate." *ECF No. 89* at 1, 3. Plaintiff notes that he attempted to serve CO Ruiz and CO Boone through the U.S. Marshal Serve several times and has attempted to serve them according to Court orders in this matter. *Id* at 1-2; *see also ECF Nos. 46, 49, 50, 53, 54, 55, 58, 68, 69*. Plaintiff's efforts to serve CO Ruiz and CO Boone have thus far failed.

## II.    DISCUSSION

### a.    Legal Standard

Courts have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Federal Rules of Civil Procedure ("Federal Rule") 4 establishes the methods for service

1    of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of

2    the state in which the federal court is located. Nevada Rule of Civil Procedure ("Nevada Rule") 4.4

3    allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate

4    the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed

5    alternative service meets the requirements of due process. *See* Nev. R. Civ. Pro. 4.4(b)(2).[1] When

6    considering a request to serve a defendant by alternative means, courts to take into consideration

7    attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating

8    a defendant, such as consulting public directories. *See Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d

9    785, 786-87 (Nev. 1990), *rev. on other grounds*, NC-DSH, Inc. v. Garner, 218 P.3d 853 (Nev. 2009)

10   (and noting that Price otherwise remains good law). However, plaintiffs are not required to attempt

11   every permissible means of service of process before requesting an alternative method of service.

12   *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015); *Westgate LVH, Inc. v. Trustees of*

13   *the Nevada Resort Association*, No. 2:17-cv-01731-RFB-NJK, 2018 WL 11445543, at *1 (D. Nev. July

14   16, 2018*) (quoting *In re: Ex Parte Application of Pro-Sys Consultants and Neil Godfrey*, 2016 WL

15   6025155, at *2 (N.D. Cal. Oct. 14, 2016)).

16          Nevada Rule 4.4(c) allows for service by publication under certain circumstances.[2] Other courts

17

---

18   [1] If possible, movants must also reveal "the defendant's known, or last-known, contact information,
     including the defendant's address, phone numbers, email addresses, social media accounts, or any other
19   information used to communicate with the defendant[.]" Nev. R. Civ. Pro. 4.4(b)(2)(ii).
     [2]       Service by publication may only be ordered when the defendant:
20                      (A)  cannot, after due diligence, be found;
                        (B)  by concealment seeks to avoid service of the summons and complaint; or
21                      (C)  is an absent or unknown person in an action involving real or personal
22   property under Rule 4.4(c)(3).
                        (2)  Motion Seeking Publication. A motion seeking an order for service by
23   publication must:
                        (A)  through pleadings or other evidence establish that:
24                           (i)  a cause of action exists against the defendant who is to be served; and
                             (ii)  the defendant is a necessary or proper party to the action;
25

1    have recognized that considering "due process concerns, service by publication must be allowed '<u>only as</u>

2    <u>a last resort</u>.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev.

3    Feb. 4, 2022) (citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal.

4    Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally

5    recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks

6    omitted).

7         The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l*

8    *Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of

9    the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford

10   the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust*

11   *Co.*, 339 U.S. 306, 314 (1950).

12        **b.    Plaintiff's Motion and Efforts to Serve**

13        The Court finds that plaintiff has shown due diligence in attempting to effectuate personal

14   service on CO Ruiz and CO Boone. *See Price*, 787 P.2d at 786-787. Plaintiff, despite his incarceration,

15   tried multiple times to serve CO Ruiz and CO Boone through the U.S. Marshal Service, filed multiple

16   _____

17                 (B)  provide affidavits, declarations, or other evidence setting forth specific
          facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;

18                 (C)  provide the proposed language of the summons to be used in the
          publication, briefly summarizing the claims asserted and the relief sought and including

19        any special statutory requirements;

20                 (D)  suggest one or more newspapers or other periodicals in which the
          summons should be published that are reasonably calculated to give the defendant actual
          notice of the proceedings; and

21                 (E)  if publication is sought based on the fact that the defendant cannot be
          found, provide affidavits, declarations, or other evidence establishing the following

22        information:

23                     (i)   the defendant's last-known address;
                       (ii)  the dates during which the defendant resided at that location; and

24                     (iii)  confirmation that the plaintiff is unaware of any other address at
          which the defendant has resided since that time, or at which the defendant can be found.

25   Nev. R. Civ. Pro. 4.4(c)

1   motions to help in serving them, and issued multiple summons to various locations that they were

2   known to work and live in. *See ECF Nos. 46, 49, 50, 53, 54, 55, 58, 68, 69*. The Court has also issued

3   three Orders regarding his Motions, providing directions to plaintiff regarding effectuating service of

4   CO Ruiz and CO Boone, which plaintiff has followed to the Court's knowledge. *See ECF Nos. 49, 54,*

5   *68*.

6        The Court also liberally construes the Motion to explain why alternative service by "other

7   methods the [C]ourt may deem appropriate" comports with due process, as plaintiff explicitly notes that

8   such service as determined by the Court would have to be "reasonably calculated to provide actual

9   notice." *See ECF No. 89*; *see also Blaisdell*, 729 F.3d at 1241.[3] Plaintiff, who proceeds *pro se*, has also

10  provided the last known information of CO Ruiz and CO Boone to this Court's satisfaction pursuant to

11  Nevada Rule 4.4. *See ECF No. 89*, *Blaisdell*, 729 F.3d at 1241; *see also ECF Nos. 50, 55, 69* (these

12  three ECF entries are the summons with various addresses that CO Ruiz and CO Boone were known to

13  be at that plaintiff references in ECF No. 89 at 2).

14      **c.**    **Alternative Service Regarding CO Ruiz**

15       Based on all the above, the Court GRANTS the Motion in part regarding alternative service to

16  CO Ruiz. The Court asks the Office of the Attorney General ("the Office") if it can accept service on

17  behalf of CO Ruiz. While the Court previously denied plaintiff's request to have the Office accept

18  service on behalf of CO Ruiz (ECF No. 68), the Court takes notice that  the Office has accepted service

19  for CO Ruiz on at least one prior case. *Bradford v. Daniels et al.*, No. 2:21-cv-00493-RFB-MDC, *ECF*

20  *No. 16*.[4] Therefore, the Office shall within **fourteen (14) days** from the date of this order to advise if the

21  Office can accept service for CO Ruiz and any information regarding his employment with the Nevada

22

23   

[3] However, as is more outlined below, plaintiff does not adequately explain how service by email or
24  publication would comport with due process.
[4] In that case, CO Ruiz was sued as J. Ruiz, and is listed as "Jesus Cruz" is the Office's acceptance of
25  service on his behalf. *See ECF No. 16*.

1    Department of Corrections.[5]

2              d.        **Alternative Service Regarding CO Boone**

3              The Court DENIES the Motion in part and without prejudice as to the request for alternative

4    service to CO Boone. The Court has not found information that the Office has accepted service for CO

5    Boone in any prior cases. The Court cannot otherwise find a means of service that would be reasonably

6    calculated to give actual notice to CO Boone. Regarding service by email, plaintiff has not provided any

7    email addresses that could reach CO Boone nor is the Court aware of any. As such, email is not a form

8    of alternative service that can provide CO Boone with actual notice of this matter. *See Rio Props., Inc.*,

9    284 F.3d at 1016.

10             Regarding service by publication, the Court finds that plaintiff must supply more information to

11   affect such service, pursuant to Nevada Rule 4.4(c). If plaintiff wants to serve CO Boone by publication,

12   plaintiff must file a document setting forth the following details: (1) which publications would provide

13   actual notice to CO Boone; (2) a factual basis for plaintiff's belief that CO Boone is attempting to avoid

14   service; (3) proposed language of what the service by publication will contain; and (4) plaintiff's

15   recollection of the last known address(es) of CO Boone. He shall file this document by **November 14,**

16   **2025**. Plaintiff will bear the cost for service by publication. *See Zaritsky v. Crawford*, No. 3:07-CV-

17   0006-JCM-VPC, 2008 WL 2705488, at *2-3 (D. Nev. July 9, 2008) ("There is no provision in the in

18   forma pauperis statute which provides for the court, the United States Marshal Service, or the Nevada

19   Attorney General to pay for the costs associated with service by publication."). Should plaintiff decide

20   to forego this process, plaintiff is directed to inform the court so that the court may dismiss the claims

21

22   _____

23   [5] If the Office can accept service on behalf of CO Ruiz, the Court notes that this would comport with
     due process. *See, e.g.*, *Depenbrock v. Parke*, No. 3:20-cv-00492-ART-CSD, 2022 WL 20173287 at *1
     (D. Nev. November 28, 2022), *report and recommendation adopted*, No. 3:20-cv-00492-ART-CSD,

24   2023 WL 4078482 (D. Nev. June 16, 2023) (stating that the Office accepted service on behalf of
     defendants who were Nevada Department of Corrections employees, with no due process issues

25   identified by the Court in doing so) (collecting cases); *see also Rio Props., Inc.*, 284 F.3d at 1016.

against CO Boone pursuant to Federal Rule of Civil Procedure 4(m).

**III.    CONCLUSION**

Plaintiff has shown sufficient grounds to grant the Motion regarding alternative service to CO Ruiz. However, the Court denies without prejudice the Motion regarding alternative service to CO Boone.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion for Alternative Service* (ECF No. 89) is **GRANTED in part** regarding CO Ruiz. The Office will advise if they can accept service for CO Ruiz and any information regarding the status of his employment with the Nevada Department of Corrections within **14 days** of the date of this Order.

2. Plaintiff's Motion is **DENIED in part and without prejudice** regarding CO Boone. If plaintiff wants to proceed with service by publication, he shall file a document in accordance with this Order by **November 14, 2025**.

DATED: September 12, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.