UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tony Hobson,<br><br>          Plaintiff,<br><br>vs.<br><br><br>CO Harper, *et al.*,<br><br>          Defendants. | Case No. 2:22-cv-02088-JAD-MDC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (ECF NO. 103) and DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 104)** |

The Court has reviewed plaintiff's *Motion for Alternative Service* ("Service Motion") (ECF No. 103) and *Motion for Appointment of Counsel* ("Appoint Motion") (ECF No. 104). The Court **GRANTS** the Service Motion in part regarding alternative service to defendant CO Jesus Ruiz ("CO Ruiz"), **DENIES** the Service Motion in part and without prejudice regarding alternative service to CO Amir Boone ("CO Boone"), and **DENIES** the Appoint Motion without prejudice for the reasons below.

I.    **BACKGROUND**

This is a civil action under 42 U.S.C. § 1983 arising out of an alleged violation of plaintiff's First and Eighth Amendment rights. Plaintiff brings a First Amendment retaliation claim and an Eighth Amendment harassing cell search claim against defendants.

Plaintiff has attempted to serve CO Ruiz and CO Boone through the U.S. Marshal Serve several times and has attempted to serve them according to Court orders in this matter. *Id* at 1-2; *see also ECF Nos. 46, 49, 50, 53, 54, 55, 58, 68, 69*. Plaintiff's efforts to serve CO Ruiz and CO Boone have thus far failed. Plaintiff previously filed a *Motion for Alternative Service* ("prior Motion") (ECF No. 89) seeking to serve CO Ruiz and CO Boone by email, publication, and/or any other means the Court found appropriate and comported with due process. In a 09/12/2025 Order, the Court granted the prior Motion regarding service to CO Ruiz and ordered the Office of the Attorney General ("Office") if "they can

1

1  accept service for CO Ruiz and any information regarding the status of his employment with the Nevada
2  Department of Corrections[.]". *ECF No. 101* at 6. The Court denied the prior Motion regarding service
3  to CO Boone, and stated that plaintiff had to file a document responding to the concerns outlined in the
4  Order if he wanted to serve by publication. *Id.*[1]

5  Plaintiff also previously filed a *Motion for Appointment of Counsel* (ECF No. 42), which the
6  Court denied without prejudice. *ECF No. 43*. The Court stated that plaintiff could refile the Motion "if
7  his circumstances have changed and he can make a showing that such circumstances are "'exceptional.'"
8  *Id.* at 2.

9  **II.    SERVICE MOTION**

10  **a.    Legal Standard**

11  Courts have an obligation to give a liberal construction to the filings of *pro se* litigants,
12  especially when they are civil rights claims by inmates. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241
13  (9th Cir. 2013). Federal Rules of Civil Procedure ("Federal Rule") 4 establishes the methods for service
14  of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of
15  the state in which the federal court is located. Nevada Rule of Civil Procedure ("Nevada Rule") 4.4
16  allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate
17  the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed
18  alternative service meets the requirements of due process. *See* Nev. R. Civ. Pro. 4.4(b)(2).[2] When
19  considering a request to serve a defendant by alternative means, courts to take into consideration
20  attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating

---

[1] In the Service Motion, plaintiff did not explicitly seek service by publication, instead seeking service by certified mail or "any other method deemed appropriate and likely to give actual notice.". *See* ECF No. 103 at 3.

[2] If possible, movants must also reveal "the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant[.]" Nev. R. Civ. Pro. 4.4(b)(2)(ii).

a defendant, such as consulting public directories. *See Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds*, NC-DSH, Inc. v. Garner, 218 P.3d 853 (Nev. 2009) (and noting that Price otherwise remains good law). However, plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015); *Westgate LVH, Inc. v. Trustees of the Nevada Resort Association*, No. 2:17-cv-01731-RFB-NJK, 2018 WL 11445543, at *1 (D. Nev. July 16, 2018*)* (quoting *In re: Ex Parte Application of Pro-Sys Consultants and Neil Godfrey*, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016)).

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

  **b. Plaintiff's Request For Extension of Time and Efforts to Provide Last Known Location Of Defendants**

Plaintiff seeks alternative service regarding CO Ruiz and CO Boone by certified mail and request for a 30-day extension to properly serve them. *ECF No. 103* at 3-4. The Court has already found that plaintiff has shown due diligence is attempting to effectuate personal service on CO Ruiz and CO Boone and finds no reason to reverse that finding here. *See ECF No. 101* at 3-4. With good cause appearing, the Court grants plaintiff's request for a 30-day extension of time in order to properly serve CO Ruiz and CO Boone.

Plaintiff, who proceeds *pro se*, has also provided the last known information of CO Ruiz and CO Boone to this Court's satisfaction pursuant to Nevada Rule 4.4. *See* ECF No. 89, *Blaisdell*, 729 F.3d at 1241; *see also ECF Nos. 50*, *55*, *69* (these three ECF entries are the summons with various addresses that CO Ruiz and CO Boone were known to be at that plaintiff references in ECF No. 103 at 3-4).

      c.      **Alternative Service Regarding CO Ruiz**

The Office responded to the 09/12/2025 Order's request for information by stating that they could not accept service and could not get into contact with CO Ruiz. *ECF NO. 102* at 3-4. However, the Office also filed an address under seal that is associated CO Ruiz on 10/09/2025. *ECF No. 105*, *106*. Service by certified mail to this address would comport with due process and is proper given the circumstances of this case. *See U.S. Liab. Ins. Co. v. Hediz*, No. 3:25-CV-00261-ART-CLB, 2025 WL 3215920, at *2 (D. Nev. November 17, 2025) (finding service by certified mail to an individual defendant proper and comporting with due process where the address is reasonably calculated to give that defendant notice and plaintiff has undertaken significant efforts to personally serve defendant that have failed); *see also Su v. Fillet*, 671 F.Supp.3d 1052 (N.D. Cal May 1, 2023) (finding that alternative service by cellphone message and certified mail to defendants was proper and comports with due process). Based on the above, the Court grants the Service Motion in part regarding alternative service to CO Ruiz.

      d.      **Alternative Service Regarding CO Boone**

Plaintiff does not provide any known addresses that he could serve CO Boone by certified mail and the Court finds none. The Court cannot otherwise find a means of service that would be reasonably calculated to give actual notice to CO Boone.

The Court previously offered plaintiff a chance to file a document justifying why and how he would serve CO Boone by publication. Plaintiff did not file the document by the Court's deadline. Given that plaintiff is proceeding *pro se* and has been diligent in trying to serve these two defendants, the Court will give plaintiff one more chance to justify serving CO Boone by publication. Regarding service by publication, the Court finds that plaintiff must supply information to affect such service, pursuant to Nevada Rule 4.4(c). If plaintiff wants to serve CO Boone by publication, plaintiff must file a document setting forth the following details: (1) which publications would provide actual notice to CO Boone; (2)

a factual basis for plaintiff's belief that CO Boone is attempting to avoid service; (3) proposed language of what the service by publication will contain; and (4) plaintiff's recollection of the last known address(es) of CO Boone. He shall file this document by **January 21, 2026**. Plaintiff will bear the cost for service by publication. *See Zaritsky v. Crawford*, No. 3:07-CV-0006-JCM-VPC, 2008 WL 2705488, at *2-3 (D. Nev. July 9, 2008) ("There is no provision in the in forma pauperis statute which provides for the court, the United States Marshal Service, or the Nevada Attorney General to pay for the costs associated with service by publication."). Plaintiff must also show that a further extension of time to serve CO Boone by publication is warranted if necessary and state how long he expects it will take to properly serve CO Boone by publication. If plaintiff does not timely file a motion to serve CO Boone by publication, as instructed above, the Court will d dismiss the claims against CO Boone pursuant to Federal Rule of Civil Procedure 4(m).

### III.    APPOINT MOTION

#### a.    Legal Standard

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g.*, *McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed

together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn*, 789 F.2d at 1331.

### b. No Extraordinary Circumstances Exist At This Time

The Court denied plaintiff's prior *Motion for Appointment of Counsel* (ECF No. 42) without prejudice. *See generally ECF No. 43*. Plaintiff then filed his Appoint Motion and a supporting declaration, again requesting for appointment of counsel. *ECF No. 104*. Plaintiff has not shown that circumstances have changed since the Court last denied his request for counsel and the Court finds none. The plaintiff's lack of legal knowledge and his generalized claims that the issues in this case are complex do not justify granting him counsel. *See Hobson v. Currier*, 2:22-cv-02088-JAD-MDC, 2024 WL 6886440, at *1 (D. Nev. September 23, 2024); *Baker v. Macomber*, No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. March 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Thus, plaintiff has not made a showing of exceptional circumstances at this time and the Court denies the Appoint Motion without prejudice. The Court also cautions plaintiff that he should not refile this motion unless he can show that his circumstances have changed and that such circumstances are "exceptional."

## IV. CONCLUSION

Plaintiff has shown sufficient grounds to grant the Service Motion regarding the request for a 30-day extension to serve CO Ruiz and CO Boone and for alternative service to CO Ruiz. However, the Court denies without prejudice the Service Motion regarding alternative service to CO Boone and the Appoint Motion.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion for Alternative Service* (ECF No. 104) is **GRANTED in part** regarding his request for a 30-day extension to serve defendants CO Ruiz and CO Boone. Plaintiff must file proof of service by **January 21, 2026**.

2. Plaintiff's *Motion for Alternative Service* is **GRANTED in part** regarding his request for alternative service to CO Ruiz. The Clerk of Court is directed to send to plaintiff one copy of the USM-285 form. Plaintiff has 20 days within which to furnish to the U.S. Marshal the required USM-285 forms and return it to the U.S. Marshal, 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, NV 89101. In the "special instructions" box of USM-285, plaintiff must state that service upon CO Ruiz is to be accomplished via Certified US Mail to the address provided under seal at ECF No. 106. Within 20 days after plaintiff receives a copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the Court stating if CO Ruiz was served.

3. The Clerk of Court shall issue a summons for CO Ruiz, and deliver the same, to the U.S. Marshal with the address provided under seal at ECF No. 106. The Clerk of Court shall send sufficient copies of the Second Amended Complaint (ECF No. 7); the Screening Order (ECF No. 11); and this Order to the U.S. Marshal for service on CO Ruiz at the address provided under seal at ECF No. 106. Plaintiff shall pay postage and any expense associated with completing service by certified mail is plaintiff's responsibility.

4. Plaintiff's Motion is **DENIED in part and without prejudice** regarding his request for alternative service to CO Boone. If plaintiff wants to proceed with service by publication, he shall file a document in accordance with this Order by **January 21, 2026**. Plaintiff must also show that a further extension of time to serve CO Boone by publication is warranted if necessary and state how long he expects it will take to properly serve CO Boone by publication.

5. Plaintiff's *Motion for Appointment of Counsel* (ECF No. 104) is **DENIED** without prejudice. The Court cautions plaintiff that he should not refile this motion unless he can show that his circumstances have changed and that such circumstances are "exceptional."

DATED: December 18, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.